UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MABLE HAYWOOD, Individually and as Special Administrator of ORVILLE HAYWOOD, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>SMITHKLINE BEECHAM CORP. d/b/a GLAXOSMITHKLINE,<br><br>Defendant. | Case No. 08-cv-118-JPG |

## **MEMORANDUM AND ORDER**

In light of Seventh Circuit admonitions, *see*, *e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 3) filed by plaintiff Mable Haywood:

1. **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000. With respect to the claims in her individual capacity, the plaintiff alleges her residence, not her citizenship.

2. **Failure to allege the citizenship of decedent.** Where a suit is brought on behalf of the estate of a decedent, the citizenship of the legal representative of the estate shall be deemed to be that of the decedent. 28 U.S.C. § 1332(c)(2); *see Konradi v. United States*, 919 F.2d 1207, 1214 (7th Cir. 1990). With respect to the claims in her representative capacity, the plaintiff fails to allege the decedent's citizenship prior to his death.

The Court hereby **ORDERS** that the plaintiff shall have up to and including March 14, 2008, to amend the faulty pleading to correct the jurisdictional defect. Failure to amend the

faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  The plaintiff is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED:  March 5, 2008**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**